# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LARUN E. MILLER, | ) | CASE NO. 5:05-CR-300 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Larun E. Miller ("Miller") has moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 37 ["2255 Mot."]). On January 18, 2018, in accordance with *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012), the Court conducted an evidentiary hearing on the motion. At the conclusion of the hearing, the Court took the matter under advisement. For the reasons that follow, Miller's motion to vacate his sentence is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2005, a federal indictment issued charging Miller with travel with intent to engage in illicit sexual conduct with a 14-year old girl, in violation of 18 U.S.C. § 2423(b). (Doc. No. 7 (Indictment).)[1] This case was assigned to the docket of the Honorable Dan Polster. On August 23, 2005, pursuant to a plea agreement, Miller entered a counseled plea of guilty to one count of violating 18 U.S.C. § 2423(b). (Doc. No. 13 (Plea Agreement). On November 7, 2005,

---

[1] Unless otherwise noted, all record cites pertain to the above-captioned case.

Judge Polster sentenced Miller to a term of imprisonment of 105 months, followed by 10 years of supervised release. (Doc. No. 16 (Judgment).) As part of the conditions of his supervised release, Miller was required to comply with all registration requirements as a sexual offender. (*Id*.) Miller did not appeal from the Court's judgment.

Miller was arrested, pursuant to a warrant issued June 3, 2014, on suspicion of violating the terms of his supervised release. A determination on the supervised release violations was held in abeyance pending the filing of new federal charges in Case No. 1:14-cr-278 (hereinafter "2014 case"), which was assigned to the undersigned. By agreement with the undersigned, Judge Polster transferred the supervised release violations in the present case to the undersigned as a related case on March 27, 2015. (Doc. No. 28.)

Pursuant to the Superseding Indictment issued in the 2014 case, Miller was charged with the following: attempted coercion and enticement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b); attempted enticement or coercion of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e); knowingly failing to register and update registration as a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a) and (c); and committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. (Case No. 1:14-cr-278, Doc. No. 35.) The same conduct charged in the 2014 Case served as the basis for the charged supervised release violations.

Attorney Darin Thompson of the Federal Public Defender's Office was initially appointed to represent Miller in the 2014 case, as well as the related supervised release

violations. Following a hearing on March 18, 2015—and at Miller's request—Attorney Thompson was replaced by Attorney Donald Malarcik as counsel. The Court conducted a bench trial in the 2014 case, beginning on January 25, 2016 and concluding on January 27, 2016, after which the Court took the matter under advisement. On February 1, 2016, the Court issued its findings of fact and conclusions of law, finding Miller guilty on all four counts in the Superseding Indictment. (Case No. 1:14-cr-278, Doc. No. 61.) At the sentencing hearing conducted on May 19, 2016, Miller admitted to two of the supervised release violations, and the Court found Miller guilty of the remaining 7 violations based upon the testimony and evidence in the 2014 case bench trial. The Court sentenced Miller to a term of imprisonment of 540 months in the 2014 case and 36 months imprisonment for the supervised release violations the present case, for an aggregate sentence of 576 months, to be followed by lifetime supervised release on the 2014 case with SORNA registration requirements. (Case No. 1:14-cr-278, Doc. No. 70 (Judgment); Case No. 5:05-300, Doc. No. 32 (Order on Violation.)) At the time of sentencing, the Court instructed Miller on his right to appeal the Court's judgment. Miller was specifically advised that Attorney Malarcik would assist him in filing a notice of appeal, if it was his desire to pursue a direct appeal.

On May 26, 2016, Miller, through Attorney Malarcik, filed a notice of appeal with the Sixth Circuit. (Case No. 1:14-cr-278, Doc. No. 72 (Notice).) The Notice indicated that Miller was appealing the Court's judgment in the 2014 case but did not identify the supervised release violations in the present case. (*Id.*) On June 14, 2017, the Sixth Circuit affirmed the Court's judgment in the 2014 case. (Doc. No. 92 (Opinion); Doc. No. 93 (Mandate).)

On May 23, 2017, the Miller submitted a letter to the Court indicating that he only recently learned Attorney Malarcik did not file a notice of appeal from the Court's judgment on his supervised release violations. The Court construed the letter as a § 2255 motion claiming ineffective assistance of counsel and requesting leave to file an untimely direct appeal to address issues of ineffective assistance of counsel, substantive and procedural due process, judicial misconduct, and collusion relating to the original judgment in the present case. On November 6, 2017, Miller filed a brief on the merits fleshing out these issues. (Doc. No.

(Merits Brief).) Included within his laundry list of complaints against trial counsel was that Attorney Malarcik failed to file a notice of appeal from the sentence for the supervised release violations. (*Id*. at 120.) In light of the allegation that his counsel ignored a direction to file a notice of appeal, the Court conducted a telephonic status conference with Miller, his attorney, and government's counsel. At the conclusion of the conference, the Court determined that it was Miller's intent to waive his attorney client privilege for the purpose of asserting this claim. Accordingly, the Court appointed Miller counsel and scheduled the matter for an evidentiary hearing. (Non-doc. Minutes, dated Nov. 30, 2017.) Prior to the hearing, Miller's appointed counsel filed a brief in support of Miller's §

2255 motion. (Doc. No. 48.)

## II. THE EVIDENTIARY HEARING

One witness testified at the January 18, 2018 evidentiary hearing—Attorney Malarcik. The undersigned presided over the hearing and had the opportunity to closely observe this witness as he testified. Attorney Malarcik testified that he had served as an attorney for 25 years, and that eighty-five to ninety percent of his practice is devoted to criminal defense.

On the witness stand, Attorney Malarcik stated that, after the Court issued its fact-findings and legal conclusions and before sentencing, he and Miller had numerous conversations regarding sentencing and an appeal of the 2014 case. He indicated that Miller was very concerned about his appellate rights with respect to the 2014 case, and he even wanted to file a notice of appeal before sentencing. He further stated that their conversations regarding the supervised release violations were limited to determining which violations to which he was willing to admit. At the conclusion of these discussions, it was decided that Miller would admit to certain violations—relating to failing to register as a sex offender—and deny the others.

When asked if Miller had ever raised with him any errors he thought occurred in the resolution of the supervised release violations, Attorney Malarcik explained that, prior to trial, Miller had shared his belief that he had been detained illegally on the supervised release violations and that Judge Polster had erred in failing to conduct a detention hearing. Counsel informed Miller that he did not believe that he could raise a motion relative to these issues in good faith, and Miller ultimately filed such a motion in the 2014 case *pro se*, claiming that the circumstances surrounding his arrest and custody on the supervised release violations impacted his 2014 case and the collection of evidence therein. Attorney Malarcik confirmed that these discussions did not touch on any issue relative to the supervised release violations themselves. In particular, he confirmed that he never discussed with Miller whether Miller believed that the resolution of the 2005 case was handled properly or whether there were any issues that could be raised at the trial or appellate level.

In response to the question of whether Miller ever asked him to file a notice of appeal in the present supervised release violations case, Attorney Malarcik testified that he did not

remember ever having such a conversation. While he conceded that it was within the realm of possibility that Miller had made such a request in writing, counsel testified that he reviewed his correspondence from Miller and found no such request.[2] Attorney Malarcik testified that he was aware of his obligation to file a notice of appeal, even if he did not believe that there would be any merit to the underlying appeal, if a client so requested that he do so. He emphatically testified that, had Miller made such a request, he would have filed the notice.[3]

Miller did not testify at the hearing, electing, instead, to rely on an affidavit that provided, in relevant part, that he "instructed Attorney Malarcik, on at least (2) occasions, to file a Notice of Appeal in Case 5:05CR300, as well as in Case 1:14CR278." (Doc. No. 49 (Affidavit of Larun E. Miller ["Miller Aff."]) ¶ 2.) At the hearing, the Court cautioned Miller that he had raised a factual issue that often is decided on the basis of credibility. After consulting with counsel, Miller confirmed that he did not wish to take the witness stand.

### III. GOVERNING LAW AND ANALYSIS

As previously discussed, Miller claims that he received ineffective assistance of counsel because his counsel failed to file an appeal following sentencing. Failure to file an appeal upon a defendant's express request is *per se* ineffective assistance of counsel. *Campbell*, 686 F.3d at 358 (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). The Sixth Circuit has held "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective

---

[2] Attorney Malarcik noted that he did, however, see numerous references to the 2014 case appeal in his review of Miller's correspondence.

[3] Attorney Malarcik explained that, had Miller made such a request, he would have done two things. First, he would have reminded Miller that he admitted to violating the terms and conditions of his release and that the issues he was now raising related to the 2014 case. Second, he emphasized, again, that, if Miller nonetheless requested that he file a notice of appeal in this case, he would have complied with that request.

assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id*. at 360. Therefore, if the Court were to determine that Miller explicitly requested that his trial counsel file a notice of appeal and his attorney failed to do so, Miller would be entitled to pursue a delayed appeal.

The Court concludes that Miller did not request that his trial attorney file an appeal in the present case. In so ruling, the Court credits Attorney Malarcik's testimony that Miller only ever requested that he file a notice of appeal in the 2014 case. Malarcik testified credibly that Miller was concerned with preserving his appellate rights in the 2014 case, and that all of his appellate issues related to that case. His testimony was also consistent with the record, as a whole, and, in particular, with the fact that Miller's *pro se* pretrial motions relating to his arrest were limited to concerns regarding the 2014 case, and the fact that Miller admitted to violating the terms of his release in the present case. (*See* Case No. 1:14-cr-278, Doc. No. 55 (*Pro Se* Motion to Dismiss and/or Suppress); Doc. No. 60 (*Pro Se* Motion to Suppress).) His explanation of his representation of Miller through the sentencing hearing was consistent with a professional and effective approach to representing a criminal defendant facing serious federal charges.

In contrast, the Court does not credit Miller's self-serving affidavit that fails to identify any details regarding the circumstances surrounding his alleged instructions to Attorney Malarcik to file a notice of appeal. Specifically, Miller offers no dates as to when these instructions were given, or even whether they were made orally or in a written correspondence. Moreover, because Miller elected not to take the stand, the Court has no way to judge his credibility relative to that of his former attorney's.

Having determined that Miller never requested that his trial counsel file an appeal from his conviction and sentence, the Court finds that Miller has failed to meet his burden of demonstrating that he received ineffective assistance from his trial counsel. Miller, therefore, is not entitled to relief in the form of a delayed appeal.

Additionally, to the extent Miller's May 23, 2017 letter could also be construed as a § 2255 motion raising all of the issues Miller claims he would have raised on a direct appeal, the motion would be denied. A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Nagi v. United States,* 90 F.3d 130, 134 (6th Cir.1996). Generally, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Massaro v. United States,* 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003); *Bousley v. United States,* 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). As noted above, Miller did not take a direct appeal from the judgment in the present case, and the Court has further determined that Miller did not request that his attorney secure an appeal on his behalf so he cannot demonstrate cause for his failure to pursue direct review on these issues.[4] Accordingly, Miller's due process, judicial misconduct, and collusion claims are procedurally barred because they were not raised on direct appeal.

---

[4] Miller has offered no other evidence that would establish cause and actual prejudice or that he is actually innocent of violating the terms of his supervised release.

In contrast, claims of effective assistance of counsel are properly raised in the first instance in a motion to vacate pursuant to § 2255, even if a petitioner did not seek direct review of his judgment. *Massaro*, 538 U.S. at 504. Under the familiar ineffectiveness standard, a petitioner must demonstrate that counsel's performance was deficient, and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. To establish that the deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived a fair trial. *Id*. Essentially, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

When reviewing claims of ineffectiveness of counsel, the Court is mindful that its scrutiny of defense counsel's performance is highly deferential. Miller's counsel is strongly presumed to have rendered adequate assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Strickland*, 466 U.S. at 689-90 (recognizing the existence of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *see Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986).

As set forth above, the Court has already determined that Miller did not request that his trial counsel file a notice of appeal regarding the 2005 case and, therefore, Miller has not shown that trial counsel improperly failed to file a notice of appeal. Miller also claims that his counsel

failed to—or refused to— make certain arguments on his behalf. A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Even with respect to potentially meritorious claims, "counsel has no obligation to raise every possible claim . . . and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal citations omitted); *see United States v. Robinson*, Crim. No. 04-80423, 2009 WL 6388379, at *4 (E.D. Mich. Feb. 27, 2009) ("As in any counsel ineffectiveness claim, sound strategic choices as to which issues to pursue on appeal are given a generous degree of deference[.]") (citing *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990)).

Some of Miller's complaints regarding his counsel's performance are advanced with vague and conclusory language that fails to state a cognizable claim. For example, he alleges that his counsel should have raised "obstruction" and should filed unidentified claims under various constitutional provisions. Such bare allegations are far too vague and conclusory to support a claim for ineffective assistance of counsel. *See United States v. Cosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) ("[C]onclusory assertions of ineffective assistance are not adequate."); *see also Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) ("An allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry.")

Finally, Miller claims that counsel should have challenged his 2014 arrest. As Attorney Malarcik explained at the evidentiary hearing in this matter, Miller's issues relative to the 2014 arrest related to and impacted the 2014 case and not the present supervised release violations

10

case. In fact, Miller filed *pro se* motions to dismiss and to suppress evidence *in the 2014 case* (and not in this case) are based on these same arguments. (*See* Case No. 1:14CR298, Doc. Nos. 55, 60.) Moreover, Miller has filed a motion to vacate on these grounds in the 2014 case. (Case No. 1:14CR298, Doc. No. 97 (Motion to Vacate).) Miller cannot show that his counsel was ineffective for failing to raise in this case issues relating to another case, even if that case is related.[5] *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005) (Even if the rejected claim or motion is non-frivolous, the requirement of showing of prejudice cannot made if the claim lacks merit.).

Miller has failed to demonstrate that trial counsel's performance was deficient or that any purported deficiency prejudiced him. The Court concludes, therefore, that all decisions relative to the motions raised and the arguments advanced during the course of the case were made in the exercise of reasonable professional judgment and sound strategy. *See Nix*, 475 U.S. at 165-66; *Strickland*, 466 U.S. at 689-90; *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000). Because Miller has failed to rebut the strong presumption that counsel's performance was constitutionally effective, his claim of ineffective assistance of trial counsel is subject to dismissal. *Strickland*, 466 U.S. at 689-90.

## IV. CONCLUSION

For all of the foregoing reasons, Miller's motion to vacate, set aside or correct his sentence (Doc. No. 37) is DENIED. Further, the Court CERTIFIES that an appeal from this

---

[5] Miller also contends that counsel should have challenged his detention, prior to trial, on the supervised release violations. However, the same conduct for which he was held on the supervised release violations served as the basis for the indictment in the 2014 Case. Miller voluntarily waived his right to a preliminary hearing and a detention hearing in the 2014 Case. (Case No. 1:14CR298, Doc. No. 5 (Waiver of Preliminary Hearing); Doc. No. 9 (Waiver of Detention Hearing).) Moreover, Miller does not demonstrate, or even argue that, counsel's failure to challenge his detention would have, in any way, affected the outcome at trial.

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      **IT IS SO ORDERED**.

Dated: June 7, 2019

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**